# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
### Published only in the Abstract

No. 560

INTERNATIONAL PAPER BOX MACHINE
v. WOLF ENVELOPE CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6408.　Decided Jan. 25, 1926

Mauck, P. J., Sayre and Middleton, JJ., of fourth Dist., sitting.

1037. RESTRAINT OF TRADE—When a company grants an exclusive right to another company, providing it will not sell a given article within certain territory, such covenant is not in restraint of trade, for a vendor by its rights granted thru its patents, can make any sales agreement.

MIDDLETON, J.

The record of this case shows that Paper Box Machine Co. sold to the Wolf Envelope Co. an envelope making machine under the following covenant—

"not to sell to any person or persons a machine of similar make or design in any portion of the territory within two hundred miles of Cleveland, Ohio."

The Envelope Company instituted an action against the Machine Company in Cleveland Municipal Court for breach of the covenant, and recovered a substantial amount. The Machine Company is here on error contending that said judgment should be reversed and that the covenant aforesaid is illegal and void because in restraint of trade.

The Court of Appeals held:

1. This is not a case where a limitation is sought to be placed upon the vendee of any commodity, the restriction being entirely on the vendor.

2. The Machine Company under the protection of its patents had the right to grant whatever sales agreement they wished, as it was exercising a legal right given to it by its patents.

Judgment affirmed.

Attorneys—S. H. Weitz, for Machine Co. and Mooney, Hahn, Loeser & Keough for Envelope Co.; all of Cleveland.

No. 561

NO. 350 GLOWASKI v. STATE
NO. 351 HARRIS v. STATE
NO. 352 GEORGE v. STATE

Ohio Appeals, 9th Dist., Lorain Co.

Decided Oct. 10, 1925.

661. INTOXICATING LIQUOR—A person is not guilty of possession of intoxicating liquor unless he knowingly has possession and such knowledge must be proven.

WASHBURN, J.

These three cases are decided together because of the similar points of law involved. In the Harris case liquor was found buried in a chicken coop accessible not only to Harris but also to two boarders living on the same premises. The charge in this case was possession of intoxicating liquor. Altho Harris testified that he did not know that the liquor was there, he nevertheless was convicted.

In the Glowaski case there was evidence other than the mere finding of the liquor, and the defendant had been convicted previously for the same offense. His witnesses so contradicted themselves that it was very evident that they were not telling the truth.

In the George case the only evidence that was presented as to his ever having had possession was the fact that he backed his automobile out of a driveway leading to the back of a house where the liquor was found.

All three being found guilty, error was prosecuted to the Court of Appeals which held:

1. In the Harris and George case the state did not produce sufficient evidence to prove possession within the contemplation of the law.

2. A person is not guilty of the crime of possession of intoxicating liquor unless he knowingly has possession.

3. Knowledge of possession must be proven.

4. In the Glowaski case the finding is not manifestly against the weight of evidence.

The Harris and George case was reversed and the Glowaski case affirmed.

Attorneys—D. H. Aiken and Thos. E. O'Hern for Glowaski (Lorain); Lawrence H. Job for Harris (Lorain); F. M. Stevens for George (Elyria); D. A. Baird; R. F. Vaudemark; D. W. Myers for State (Elyria).